UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                   :

FERNANDO TELLEZ,                          :
                                                   :         **ORDER**
                        Plaintiff,              :
                                                   :         13-CV-3428 (WFK) (VVP)
                    -against-              :

AMERICAN AIRLINES, INC.,           :

                    Defendant.          :
                                                   :
------------------------------------------------------------------X

**WILLIAM, F. KUNTZ, II, United States District Judge**

       This action was initiated by the filing of a complaint on June 17, 2013. After a delay in the case resulting from the bankruptcy proceedings in which the defendant was engaged, United States Magistrate Judge Viktor V. Pohorelsky held a status and scheduling conference on June 26, 2014. (Dkt. 10.) At the next conference on October 10, 2014, however, plaintiff's counsel advised the court that they had lost contact with their client and had been unable to locate him despite a variety of efforts. (Dkt. 11.) That same day, Magistrate Judge Pohorelsky entered an order directing plaintiff to appear for a deposition on December 12, 2014. (Dkt. 12.) The order included a warning in bold typescript that if the plaintiff failed to appear for the deposition, the Magistrate Judge would presume that he had abandoned his claims and his case would be dismissed. (Dkt. 12.) Plaintiff's counsel complied with all of the instructions regarding serving the order. Nonetheless, plaintiff failed to appear for the deposition. Following a conference on December 19, 2014, plaintiff's counsel filed a letter documenting their extensive efforts to locate their client and suggesting the possibility that plaintiff is currently deceased, as neither his daughter nor his grandmother have heard from him for an extended period of time. (Dkt. 15.)

1

On January 5, 2015, Magistrate Judge Pohorelsky filed a Report and Recommendation recommending that "the case be dismissed for want of prosecution." (Dkt. 16 at 2.) The Report and Recommendation recounted the parties' history and documented the extensive actions taken by plaintiff's counsel to contact the plaintiff between October 15, 2013 and December 23, 2014, during which time counsel never heard from plaintiff. (*Id.*) It also took note in a footnote of plaintiff counsel's suggestion that plaintiff may be deceased. (*Id.* at 2, n.1.) The Report and Recommendation concluded that "[a]ll reasonable efforts to locate the plaintiff have been undertaken. In the absence of the plaintiff, the claims cannot proceed, and in view of his absence for over a year it is reasonable to conclude that he has abandoned his claims." (*Id.* at 2.) Objections to the Report and Recommendation were required to be filed by January 19, 2015. (*Id.*); Fed. R. Civ. P. 72(b)(2). Defendant filed a timely letter requesting that the case be dismissed with prejudice on January 13, 2015. (Dkt. 17.)

**DISCUSSION**

In reviewing a Report and Recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (West 2015). When no objections have been filed, a district court reviews a Report and Recommendation for clear error. *See Zeitone v. Korsinsky & Klein, LLP*, 13-CV-0383, 2013 WL 5937397, at *1 (E.D.N.Y. Nov. 4, 2013) (Kuntz, J.) (citing *Reyes v. Mantello*, 00-CV-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003) (Cote, J.)); *Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007) (Garaufis, J.). If an objection is timely made to the Report and Recommendation, then the district court judge reviews "those portions of the report . . . or recommendations to which objection is made" *de novo. Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

"Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action if the plaintiff fails to prosecute." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). This is the "harshest of sanctions," and it "must be proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Mitchell v. Lyons Prof'l Servs, Inc.*, 708 F.3d 463, 467 (2d Cir. 2013). "[T]he sanction of dismissal with prejudice . . . must be supported by clear evidence of misconduct and a high degree of specificity in the factual findings." *Id.* (citing *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002)). "Further, mindful that the sanction of dismissal with prejudice has harsh consequences for clients . . . it should be used only in extreme situations . . . and even then only upon a finding of willfulness, bad faith, or reasonably serious fault." *Id.* (internal citations and quotation marks omitted).

In addition to these general principles, the Second Circuit has outlined five factors to be considered when determining whether to dismiss a case at all. *See Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). The factors are: "(1) the duration of the plaintiff[']s failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether . . . a sanction less dramatic than dismissal" would be appropriate. *Id.*

Defendants have not objected to the Magistrate Judge's dismissal of the action, but only to the dismissal without prejudice. The Court finds that there was no clear error in the Report and Recommendation's determination that the case should be dismissed, as all five of the *Lucas* factors counsel in favor of dismissal. Applying the general principles outlined above to the issue

3

of whether the case should be dismissed with or without prejudice, the Court adopts the Report and Recommendation as originally filed, and dismisses the case without prejudice.

The decision to dismiss a case with prejudice requires "clear evidence of misconduct[,] a high degree of specificity in the factual findings" and "should be used only in extreme situations . . . upon a finding of willfulness, bad faith, or reasonably serious fault." *Mitchell*, 708 F.3d at 467 (internal citations and quotation marks omitted). Given the current uncertainty surrounding plaintiff's status as alive, deceased, or simply unreachable, the Court cannot find that the dismissal with prejudice would be supported by "clear evidence of misconduct," "bad faith," or "reasonably serious fault." If the plaintiff is deceased, then his failure to prosecute is neither misconduct, bad faith, or fault-worthy. Therefore, the case cannot be denied with prejudice.

**CONCLUSION**

For the foregoing reasons, this Court adopts Magistrate Judge Pohorelsky's Report and Recommendation in its entirety. Accordingly, it is hereby ordered that this case be dismissed without prejudice for lack of prosecution. The Clerk of Court is directed to mark the case closed.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 2?, 2015
Brooklyn, New York

4